**Opinion filed July 23, 2026**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-25-00119-CR & 11-25-00120-CR

_____

## RANDY LEE BOLLING, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Tarrant County, Texas**
**Trial Court Cause Nos. 1785064 & 1805131**

## M E M O R A N D U M   O P I N I O N

Appellant, Randy Lee Bolling, pled guilty to (1) burglary of a building in trial court cause no. 1785064, a state jail felony, and (2) engaging in organized criminal activity in trial court cause no. 1805131, a third-degree felony.[1]  *See* TEX. PENAL

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2025).

CODE ANN. §§ 30.02(c)(1), 71.02(b) (West Supp. 2025). Pursuant to the terms of negotiated plea agreements between Appellant and the State, the trial court placed Appellant on deferred adjudication community supervision for a period of five years in both causes.

The State subsequently moved to adjudicate Appellant's guilt in each cause. In a second amended petition, the State alleged the following violations of his community supervision in trial court cause no. 1785064: (1) Appellant failed to enroll in the Theft Intervention and Prevention Program; (2) Appellant tested positive for controlled substances; and (3)–(5) Appellant committed the offenses of burglary of a building on or about August 12, 2024, October 25, 2024, and October 28, 2024. In trial court cause no. 1805131, the State alleged: (1) Appellant failed to enroll in the Theft Intervention and Prevention Program; (2) Appellant failed to complete community service restitution hours; (3) Appellant failed to pay supervision fees; (4) Appellant tested positive for controlled substances; and (5)–(7) Appellant committed the offenses of burglary of a building on or about August 12, 2024, October 25, 2024, and October 28, 2024.

At a combined hearing on the State's motions, Appellant initially pled "true" to allegation one in both trial court causes and allegations two and three in trial court cause no. 1805131. Appellant pled "not true" to the remaining allegations. The State waived allegation two in trial court cause no. 1785064 and allegation four in trial court cause no. 1805131 before calling its first witness. Following testimony from a witness implicating Appellant in the three alleged burglary offenses and the admittance of surveillance footage from the burglaries, Appellant changed his pleas to "true." Upon the conclusion of the hearing, and having considered the evidence presented, the trial court found all allegations in each of the State's motions to be "true," adjudicated Appellant guilty, and imposed a two-year term of confinement

2

in trial court cause no. 1785064 and eight years' confinement in trial court cause no. 1805131.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no meritorious or arguable grounds to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of a motion for pro se access to the appellate record. Counsel also advised Appellant of his right to (1) object to counsel's motion, (2) review the record, (3) file a pro se response to counsel's brief, and (4) file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a response to counsel's *Anders* brief, stating that he has not yet been released from the Tarrant County Jail and seeks to "catch [the] chain" to begin serving his sentences in the Texas Department of Criminal Justice. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the brief and the record in each cause, and we conclude that these appeals are without merit. In a revocation proceeding, the State need only prove a violation of a term or condition of community supervision by a preponderance of the evidence—the greater weight of credible evidence that would create a reasonable belief that the probationer has violated a term or condition of his community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Guillory v. State*, 652 S.W.3d 923,

928 (Tex. App.—Eastland 2022, pet. ref'd). In this setting, the trial court, as the trier of the facts, is the sole judge of the credibility of the witnesses, and the weight to be afforded their testimony, and may resolve any inconsistencies in their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

Although we review a trial court's revocation decision under an abuse of discretion standard, *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona*, 665 S.W.2d at 493, we review the evidence presented at a revocation proceeding in the light most favorable to the trial court's ruling. *Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Here, the evidence presented at the hearing, uncontested, is sufficient to support the trial court's findings of "true" in each cause. *See Rickels*, 202 S.W.3d at 764. Namely, Appellant pled "true" to all allegations and testified admitting the veracity of each allegation. It is well-settled that proof of only a single violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist in either cause.[2] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[2]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgments of the trial court.

W. BRUCE WILLIAMS
JUSTICE

July 23, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.